**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NEW YORK LIFE INSURANCE**
**COMPANY,**

               **Plaintiff,**

v.                                           **Case No: 6:23-cv-2216-CEM-DCI**

**GAYLE BELGRAM and FACTORY**
**MUTUAL INSURANCE COMPANY,**

               **Defendants.**

**ORDER**

      This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff New York Life Insurance Company's Amended Motion to Strike Affirmative Defenses of Defendant Factory Mutual Insurance Company (Doc. 29)** |
| **FILED:** | **January 16, 2024** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

**I.      Background**

      On November 16, 2023, Plaintiff filed the instant life insurance liability suit against two Defendants: Gayle Belgram (Belgram) and Factory Mutual Insurance Company (FM). Doc. 1. As regards FM, Plaintiff's Complaint seeks a declaratory judgment that Plaintiff's payment of a Death Benefit to Belgram was proper, and thus, Plaintiff is discharged from all liability to FM arising out of the underlying insurance policy. *Id.* On December 18, 2023, FM filed an Answer to Plaintiff's

Complaint, along with a counterclaim against Plaintiff and a crossclaim against Belgram.  Doc. 16.  In the Answer, FM asserts seven affirmative defenses.  *Id.* at 8-13.

On January 11, 2024, the Court granted Plaintiff's Unopposed Motion for Extension of Time to File Motion Regarding Affirmative Defenses.  Doc. 26.  In that Endorsed Order, the Court warned Plaintiff that "courts in this District have observed that motions to strike affirmative defense are disfavored and are often time wasters."  *Id.*  Nonetheless, Plaintiff filed the instant motion to strike FM's affirmative defenses.  Doc. 29 (the Motion).  FM has filed a response to the Motion.  Doc. 33.

Upon due consideration of the parties' briefings, the Motion is denied.

## II.    Legal Standard

Federal Rule of Civil Procedure 8(b) provides that when a party responds to a pleading, it must "state in short and plain terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8(b).  Rule 8(c) requires a party to "affirmatively state any avoidance or affirmative defense." "The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988) (citation omitted).

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A motion to strike should only be granted if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted).

Although "an affirmative defense may be stricken if it is legally insufficient, . . . striking a defense is a drastic remedy, which is disfavored by the courts."  *Adams v. JP Morgan Chase Bank,*

*N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *1 (M.D. Fla. July 21, 2011) (citations and internal quotation marks omitted); *see also Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996) (stating that motions to strike are not favored and are often considered time wasters). "'An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Adams*, 2011 WL 2938467, at *1 (M.D. Fla. 2011) (citation omitted). "Moreover, '[a]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove.'" *Id.* (citation omitted).

Courts are split regarding whether the pleading standard set forth in the Supreme Court cases of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) applies to affirmative defenses. However, the Court agrees with the line of cases holding that the heightened pleading standard set forth in *Twombly* and *Iqbal* does not apply to affirmative defenses. *See e.g.*, *Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 12839263, at *1 (M.D. Fla. Aug. 18, 2015); *Gonzalez v. Midland Credit Mgmt., Inc.*, 2013 WL 5970721, at *2–3 (M.D. Fla. Nov. 8, 2013); *Adams*, 2011 WL 2938467, at *2–4 (M.D. Fla. 2011).

## III.    Discussion

Both parties discuss the defenses by delineating Affirmative Defenses 1-5 and 7 from Affirmative Defense 6. Accordingly, the Court will follow suit.[1]

---

[1] That said, as to all the affirmative defenses, Plaintiff seems to argue that they should be stricken because they "are pleaded insufficiently to allow [Plaintiff] to formulate a reply." Doc. 29 at 7. However, the Court has not ordered a reply, nor would it absent compelling circumstances. *See* Fed.R.Civ.P. 7(a)(7); *Strubel v. Hartford Ins. Co. of the Midwest*, 2010 WL 11507830, at * 1 (M.D. Fla. June 18, 2010) ("Under Rule 7(a)(7) of the Fed. R. Civ. P. a reply to an answer is allowed only if ordered by the Court. Replies to affirmative defenses are not required to be filed[.]"); *Johnson v. New Destiny Christian Center Church, Inc.,* 2017 WL 10900093, at *1 (M.D. Fla. Oct. 4, 2017) ("But when an answer is limited to affirmative defenses . . . courts have recognized that

## A.      Affirmative Defenses 1-5 & 7

Plaintiff argues that Affirmative Defenses 1-5 and 7 are "mere denials" that are plead insufficiently such that Plaintiff cannot formulate a reply.  Doc. 29 at 7.  Likewise, Plaintiff argues that the Affirmative Defenses "serve only to confuse the issues" and should be stricken.  *Id.*

In turn, Defendant argues that Affirmative Defenses 1-5 and 7 are avoidances, not "mere denials."  Doc. 33 at 3.  Defendant further argues that even if the Affirmative Defenses are "mere denials" the appropriate remedy is not to strike the defenses, but rather treat them as specific denials.  *Id.* at 2 (citing *Interactive Content Engines, LLC v. Rumble USA, Inc.*, 2023 WL 3304813, at *4 (M.D. Fla. May 8, 2023)).

Plaintiff's arguments are not persuasive.  First, "[a]ffirmative defenses that do not admit the complaint's factual allegations, but are vehicles to attack the sufficiency of the complaint are treated as denials by courts within this district and are generally not stricken." *Reese v. Florida BC Holdings, LLC*, 2017 WL 8812778, at *2 (M.D. Fla. Nov. 28, 2017); *see also PNC Bank v. Craggs Constr. Co.*, 2016 WL 6493908, at *2 (M.D. Fla. Nov. 2, 2016) ("Denials ... that do not meet the technical definition of an affirmative defense, should not be stricken, but treated as specific denials.") (citation omitted); *William Stone Premier Props., LLC v. Oni Babatunde E.*, 2017 WL 2266919, at *3 (M.D. Fla. May 8, 2017) ("When a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and not strike it."), *report and recommendation adopted*, 2017 WL 2257720 (M.D. Fla. May 23, 2017).  Here, Affirmative Defenses 1-5 and 7 appear to be more in the line of denials, and therefore will not be stricken.

---

replies should not be ordered absent a showing of necessity or otherwise compelling and extraordinary circumstances.") (citing *Strubel*, 2010 WL 11507830, at *2)).  Similarly, Plaintiff seems to assert that the affirmative defenses are "mistaken designations" under Rule 8(c)(2).  This is also incorrect because the defenses are not counterclaim allegations.

The Court also disagrees with Plaintiff that these defenses fail to provide Plaintiff with adequate notice of the defenses Defendant intends to raise at trial or that they serve only to confuse the issues.[2]  *See* Fed. R. Civ. P. 8(c).  Moreover, "[t]o the extent Plaintiff requires greater factual detail for t[hese] defense[s], Plaintiff may acquire those facts through discovery." *Jones v. Kohl's Dep't Stores, Inc.*, 2015 WL 12781195, at *3 (S.D. Fla. Oct. 16, 2015); *see also Jackson v. Frontier Comm.*, 2022 WL 17539684, at *3 (M.D. Fla. Dec. 8, 2022) (holding same).

### B.    The Sixth Affirmative Defense

Defendant's Sixth Affirmative Defense states:

> Any deficiencies in the notices provided to NYLIC by FMIC and/or Factory Mutual Engineering Corporation were waived by NYLIC, as evidenced by NYLIC's determination in writing that FMIC was entitled to the "payment of the Death Benefit . . . pursuant to the Policy terms, beneficiary designation on file, and claims determinations made by Factory Mutual, as administrator of the Factory Mutual Executive Insurance Plan.

Doc. 16 at 12.

Plaintiff concedes that this defense refers to "an actual affirmative defense" but argues that "it fails to set forth facts relevant to any of the elements of that defense." Doc. 29 at 20.  Defendant argues that this defense alleges Plaintiff waived any deficiencies in the notices provided to it, and that this defense gives Plaintiff notice of issues that may be raised in defense to Plaintiff's claim. Doc. 33 at 10-11.

---

[2] Many of Plaintiff's perfunctory arguments that the defenses have "no possible relationship" to this case veer dangerously close to being disingenuous.  For example, as to the First Affirmative Defense (which refers to an Executive Insurance Agreement (EIA)), Plaintiff asserts that it should be stricken because, "The EIP has no possible relationship to the controversy." Doc. 29 at 13.  But if the EIP has "no possible relationship" to this case, why did Plaintiff attach the EIP as Exhibit G to the Complaint?  Doc. 2-10.  Why is the EIP mentioned in paragraphs 17, 18, 19, 25, 26, 28, and 35 of the Complaint?  Doc. 2.  While Plaintiff might believe that a defense referencing the EIP will fail or is intended to confuse, Plaintiff clearly overstated whatever argument it meant to make. Plaintiff is reminded of Federal Rule of Civil Procedure 11(b).

While Plaintiff claims it is not seeking to hold Defendant to a heightened pleading standard, it appears Plaintiff is doing just that by requiring Defendant to plead each element of the waiver defense.  As noted above, the Court finds that the heightened pleading standard set forth in *Twombly* and *Iqbal* does not apply to affirmative defenses.  *See Lawton-Davis*, 2015 WL 12839263, at *1; *see also Crawford v. N. Am. Credit Servs., Inc.*, 2023 WL 8018869, at *1 (M.D. Fla. Nov. 20, 2023).  Again, "[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it."  *Hassan*, 842 F.2d at 263.

Upon review, the Court finds that this defense adequately places Plaintiff on notice of the legal and factual defenses Defendant intends to raise in this case, and therefore complies with Rule 8(c).  To the extent Plaintiff requests further factual detail, that can be obtained during discovery. *See Jones*, 2015 WL 12781195, at *3; *Jackson*, 2022 WL 17539684, at *3.

**IV.    Conclusion**

Accordingly, Plaintiff's Motion (Doc. 29) is **DENIED**.

**ORDERED** in Orlando, Florida on February 15, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE